SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THERESA M. OWENS<br>147 Beechnut Road<br>Westwood, MA 02090<br>　　　　　Plaintiff, | ]<br>]<br>]　　0006684-03<br>]<br>] |
| v. | ] CIVIL ACTION NO. |
| ELI LILLY AND COMPANY<br>Lilly Corporate Center, Indianapolis, IN 46285<br>w/s/o NATIONAL REGISTERED AGENTS, INC.<br>1090 Vermont Avenue, NW, #910<br>Washington, DC 20005<br>　　　　　Defendant. | ]<br>]<br>]<br>]<br>]<br>] |

FILED
CIVIL ACTIONS BRANCH
AUG 0 7 2003
Superior Court
of the District of Columbia
Washington, D.C.

**COMPLAINT**
(DES Litigation – Products Liability, Punitive Damages)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

**COUNT I**
(Negligence)

3.  On or about 1962, during her pregnancy with Theresa M. Owens, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her physician prescribed said

03 1798

FILED
AUG 27 2003
NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT CLERK

drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.  Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.  As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.  By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.  All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.  At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.     As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**WHEREFORE**, Plaintiff Theresa M. Owens, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

0006484-03

THERESA M. OWENS
*Plaintiff*

vs.

ELI LILLY AND COMPANY
*Defendant*

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date 8/7/03

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

0006684-03

| | |
|---|---|
| Theresa M. Owens | Case Number: |
| vs. | Date: 9/17/03 |
| Eli Lilly and Company | |

Name: Aaron M. Levine, Esq.
Firm Name: Aaron M. Levine and Associates
Telephone No.: (202) 833-8040
Unified Bar No.: 7864

Relationship to Lawsuit:
● Attorney for Plaintiff
○ Self (Pro Se)
Other:

TYPE OF CASE:  ○ Non-Jury   ● 6 Person Jury   ○ 12 Person Jury

Demand: $ 2,000,000.00    Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.        Judge         Calendar #
Case No.        Judge         Calendar #

NATURE OF SUIT: (Check One Box Only)

**A. CONTRACTS**
- 01 Breach of Contract
- 02 Breach of Warranty
- 06 Negotiable Instrument
- 15 Other:
- 07 Personal Property
- 09 Real Property-Real Estate
- 12 Specific Performance

**COLLECTION CASES**
- 14 Under $25,000 Pltf. Grants Consent
- 16 Under $25,000 Consent Denied
- 17 OVER $25,000

**B. PROPERTY TORTS**
- 01 Automobile
- 02 Conversion
- 07 Shoplifting, D.C. Code § 3441
- 03 Destruction of Private Property
- 04 Property Damage
- 05 Trespass
- 06 Other:

**C. PERSONAL TORTS**
- 01 Abuse of Process
- 02 Alienation of Affection
- 03 Assault and Battery
- 04 Automobile
- 05 Deceit (Misrepresentation)
- 06 False Accusation
- 07 False Arrest
- 08 Fraud
- 09 Harassment
- 10 Invasion of Privacy
- 11 Libel and Slander
- 12 Malicious Interference
- 13 Malicious Prosecution
- 14 Malpractice Legal
- 15 Malpractice Medical
- 16 Negligence
- ✓ 17 Personal Injury
- 18 Wrongful Death
- 19 Wrongful Eviction
- 20 Other:
- 21 Asbestos
- 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95