UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA M. OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | Civil Action No. 03-01798(EGS) |

## ELI LILLY AND COMPANY'S MOTION TO TRANSFER
## TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Plaintiff's Complaint alleges negligence, strict liability, breach of warranty, and misrepresentation against Lilly, stemming from *in utero* exposure to diethylstilbestrol in Massachusetts. Transfer is warranted in this case because Massachusetts is a more convenient forum for discovery and trial than the District of Columbia, because the case originally could have been brought in Massachusetts, and because the District of Columbia has absolutely no connection to the facts underlying Plaintiff's cause of action.

Transfer to Massachusetts is appropriate for at least the following reasons:

- Plaintiff Teresa M. Owens resides in Massachusetts;
- Plaintiff's husband, Robert K. Owens, resides in Massachusetts;
- Plaintiff's parents, Paul and Patricia Kelley, reside in Massachusetts;
- Plaintiff alleges *in utero* exposure to diethylstilbestrol in Massachusetts;

1

- Plaintiff was born in Massachusetts;

- The physicians who allegedly prescribed diethylstilbestrol to Plaintiff's mother, Drs. Robert Keough and Edward Carey, both practiced medicine in Massachusetts;

- All of Plaintiff's treating physicians practice in Massachusetts;

- McDonough Drug, the pharmacy that allegedly dispensed the product at issue in this case, is located in Massachusetts;

- Plaintiff's case-specific expert witness, Dr. Merle Berger, resides in Massachusetts;

- This case -- like the more than 120 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to Massachusetts.

Respectfully submitted,

ELI LILLY AND COMPANY
By its Attorneys:

/s/ L.H. Martin
Lawrence H. Martin
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: December 12, 2003

- 3 -

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Eli Lilly and Company certifies that, through counsel, it conferred with Plaintiff's counsel to determine whether Plaintiff opposed the relief requested in this motion. Plaintiff's counsel indicated that Plaintiff would oppose transfer of this action to Massachusetts.

/s/ L.H. Martin

Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA M. OWENS,

        Plaintiff,

v.

ELI LILLY AND COMPANY,

        Defendant.

Civil Action No. 03-01798(EGS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and Authorities in Support of its Motion to Transfer pursuant to 28 U.S.C. § 1404(a). It is proper for a district court to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The United States District Court for the District of Massachusetts is a more convenient forum for the parties and especially for witnesses to this action.

Transfer to Massachusetts is appropriate for at least the following reasons:

- Plaintiff Teresa M. Owens resides in Massachusetts;

- Plaintiff's husband, Robert K. Owens, resides in Massachusetts;

- Plaintiff's parents, Paul and Patricia Kelley, reside in Massachusetts;

- Plaintiff alleges *in utero* exposure to diethylstilbestrol in Massachusetts;

- Plaintiff was born in Massachusetts;

- The physicians who allegedly prescribed diethylstilbestrol to Plaintiff's mother, Drs. Robert Keough and Edward Carey, both practiced medicine in Massachusetts;

- All of Plaintiff's treating physicians practice in Massachusetts;

17/511047.1

- McDonough Drug, the pharmacy that allegedly dispensed the product at issue in this case, is located in Massachusetts;

- Plaintiff's case-specific expert witness, Dr. Merle Berger, resides in Massachusetts;

- This case -- like the more than 120 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

Therefore, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Massachusetts.

## I.    THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MASSACHUSETTS.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Because it would be more convenient for the parties to litigate this action in Massachusetts -- where the alleged injuries have been discovered, where crucial fact and expert witnesses reside, and where the Court has familiarity with the substantive law applicable to this matter -- and because there is absolutely no connection between the District of Columbia and the Plaintiff's claims, this action should be transferred to the District of Massachusetts. *See Thompson v. Eli Lilly and Company*, Civ. Action No. 03-122 (D.D.C.) (Walton, J.) (June 27, 2003 order granting Lilly's motion to transfer to the District of Massachusetts attached as Exhibit A to Affidavit of Ericka L. Harper ("Harper Aff.")) *and*

*McClamrock v. Eli Lilly*, Civ. Action No. 02-2383 (D.D.C.) (June 4, 2003 order granting motion to transfer to the Middle District of North Carolina attached as Harper Aff., Ex. B).

### A. This Action "Might Have Been Brought" Originally In The United States District Court for the District of Massachusetts.

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiff could have brought this action originally in the District of Massachusetts.

First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Lilly is incorporated and has its principal place of business in Indiana; Plaintiff resides in and is presumably domiciled in Massachusetts. Further, to the extent permitted by the United States Constitution, Massachusetts' long-arm statute reaches torts the consequences of which occur within Massachusetts. *See* MASS. GEN. LAWS ch. 223A § 3 (2001). Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and in personam jurisdiction.

Second, venue is proper in Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Because Plaintiff was allegedly exposed to diethylstilbestrol in Massachusetts, her alleged injuries occurred in Massachusetts and because any treatment as a result of Plaintiff's perceived medical problems took place in Massachusetts, venue is appropriate in that jurisdiction.

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly does not concede that the value of Plaintiff's claim in fact exceeds that minimum requirement.

### B. The District of Massachusetts Is Far More Convenient For The Witnesses Likely To Be Called To Testify At Trial.

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); see also *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere). As confirmed by Plaintiff's Interrogatory Responses, the majority of potential fact and expert witnesses and sources of proof concerning the injuries alleged in this case are located in Massachusetts.

There are three major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining paper records. The first issue is the question of exposure or whether the Plaintiff's mother actually ingested diethylstilbestrol during her pregnancy with the Plaintiff. A principal witness on this point is Plaintiff's mother, Patricia Kelley, who resides in Massachusetts. *See* Plaintiff Theresa Owens' Answers to Defendant Eli Lilly and Company's First Set of Interrogatories ("Interrog.") No. 4 (Harper Aff., Ex. C). She cannot be compelled to testify at trial in the District of Columbia, although she can be so compelled in the District of Massachusetts. Further, the relevant medical records, where extant, are likely located within Massachusetts, since it is in Massachusetts where Plaintiff's mother became pregnant with and gave birth to the Plaintiff. *See* Complaint at ¶ 3.

The second issue concerns product identification. Literally hundreds of companies sold DES, and therefore Plaintiff has the burden of proving that any diethylstilbestrol allegedly ingested by Plaintiff's mother during her pregnancy with Plaintiff was manufactured by Lilly.

On this issue, Lilly anticipates the need to depose the dispensing pharmacist or other pharmacy employees with information regarding the dispensing practices of the pharmacy or pharmacies in question. Plaintiff alleges that her mother was dispensed diethylstilbestrol from McDonough Drug, located within the District of Massachusetts. Accordingly, the dispensing pharmacist or other pharmacy employees are most likely located within the District of Massachusetts. Furthermore, whatever records may still exist are therefore most probably located in Massachusetts, because Plaintiff's mother was allegedly prescribed DES in that jurisdiction. *See* Complaint at ¶ 3.

The third issue concerns the nature and extent of Plaintiff's alleged injuries and the causes therefore. Here, proof would come in the form of testimony and medical records from the physicians who treated and evaluated Plaintiff. All of Plaintiff's treating physicians, including those who treated the injuries allegedly caused by *in utero* diethylstilbestrol exposure, practice in Massachusetts. *See* Interrog. Nos. 13, 14 (Harper Aff., Ex. C). Plaintiff's case-specific expert witness (Dr. Merle Berger) also is located in the District of Massachusetts. *See* Interrog. No. 20 (Harper Aff. Ex. C); Letter from Dr. Merle Berger to Aaron Levine, Esq., dated June 13, 2003 (Harper Aff. Ex. D). Lilly anticipates it may need to depose these witnesses and believes it may be necessary to call them to testify at trial. All of these witnesses are subject to the subpoena power of the United States District Court for the District of Massachusetts, but none are subject to the subpoena power of this Court in the District of Columbia.

Lilly is not aware of a single fact witness, relevant to Plaintiffs' claims, who resides in or is subject to the subpoena power of the District of Columbia. Thus, when considering the convenience of the witnesses as a whole, Massachusetts is by far the most convenient forum for this litigation.

### C. Plaintiff's Choice Of Forum Is Entitled To Little Deference Because There Is No Nexus Between The District Of Columbia And The Cause Of Action.

Plaintiff has chosen to sue in a forum with no factual nexus with her claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis....In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). *See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum...is mitigated...[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state. *Id.* (citations and internal quotations omitted).

Plaintiff does not reside in the District of Columbia and none of the events concerning Plaintiff's alleged injuries as a result of *in utero* exposure to diethylstilbestrol are alleged to have occurred in the District of Columbia. Therefore, Plaintiff's chosen forum should be accorded little deference.

### D. Transferring This Action To The United States District Court For The District Of Massachusetts Is In The Interests Of Justice.

Lastly, the interests of justice dictate that this action be transferred to the District of Massachusetts. The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider

(1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

These factors point toward the District of Massachusetts and away from the District of Columbia. First, the relative docket congestion between Massachusetts and this Court overwhelmingly favors transfer. For the twelve month period ending September 30, 2002, the District of Columbia ranked seventy-fifth (75) out of ninety-four (94) federal district courts in median time from filing to trial in civil cases; Massachusetts ranked sixty-fourth (64).[2] Second, the District of Massachusetts has far more experience than the District of Columbia in interpreting and applying Massachusetts tort law.[3] "The interests of justice...are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Trout Unlimited*, 944 F. Supp. at 19, *quoted in Thompson*, slip op. at 5. Next, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. Finally, it is inequitable to saddle the District of Columbia and its resources with the burden of disposing of a case that has no connection whatsoever with that forum. As shown in the accompanying chart, Plaintiffs' attorneys have filed over 120 cases since March 2000 in the District of Columbia courts against Lilly alleging injuries from DES exposure, but only one of those cases had any connection to the District of Columbia. *See* DES

---

[2] *See* Federal Court Management Statistics, Administrative Office of the United States (2003) < http://www.uscourts.gov/cgi-bin/cmsd2002.pl >.

[3] Under District of Columbia choice of law rules, the substantive law of Massachusetts governs Plaintiff's claims. The District of Columbia "employs a modified 'governmental interests analysis' which seeks to identify the jurisdiction with the 'most significant relationship' to the dispute." *Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990). Without a doubt, Massachusetts, site of Plaintiff's alleged exposure to diethylstilbestrol, is the state with the most significant relationship to Plaintiff's claims.

Cases Filed by Aaron M. Levine, Esq. Against Eli Lilly and Company in the District of Columbia, March 2000 – November 2003 (copy attached as Harper Aff., Ex. E).

## CONCLUSION

For the reasons stated above, Lilly respectfully requests the Court to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,
ELI LILLY AND COMPANY

/s/ L.H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
FOLEY HOAG LLP
1747 Pennsylvania Avenue, N.W., Ste. 1200
Washington, D.C. 20006
(202) 223-1200

and

James J. Dillon,
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: December 12, 2003